LOUP VALLEY LAND COMPANY, CROSS-APPELLANT, V. UNION PACIFIC RAILROAD COMPANY, APPELLEE; CHARLES C. CONNELY, APPELLANT.

FILED FEBRUARY 13, 1914.   No. 18,372.

Railroads: SHIPPING FACILITIES: STATE RAILWAY COMMISSION: JURISDICTION. Section 1, ch. 68, laws 1881, as finally amended by section 1, ch. 138, laws 1913, requiring railroad companies to furnish a switch or side-track for the use of companies or individuals, upon specified terms and conditions, does not deprive the state railway commission of jurisdiction to require the construction and maintenance of suitable stock-yards, side-tracks and loading and unloading facilities for the general public.

APPEAL from the district court for Logan county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Hoagland & Hoagland,* for appellant.

*W. D. Oldham,* for cross-appellant.

*Edson Rich, contra.*

SEDGWICK, J.

In April, 1912, Mr. Connely, who is intervener and appellant in the case at bar, made complaint to the state railway commission to require the defendant, Union Pacific Railroad Company, "to construct and maintain a depot and side-track on its Callaway-Stapleton line at a point called Hoagland." There was a hearing before the railway commission, and upon full consideration the commission ordered "that the Union Pacific Railroad Company be, and the same is, hereby notified and directed to construct and maintain suitable and adequate side-track and stockyards, loading and unloading facilities, at Hoagland, Nebraska." This plaintiff and cross-appellant then began an action in the district court for Logan county to enjoin the railroad company from complying with the order of the railway commission. That court allowed a temporary injunction restraining the railroad company as prayed, and Mr. Connely then applied to this court for a writ of mandamus to compel the judge of the district court to vacate the injunction on the ground that that court had no jurisdiction to allow the same. An alternative writ was allowed by this court, and before the return day of the writ the district court heard the case and entered a judgment for the defendant therein, dissolving the temporary injunction. The district court allowed the defendant therein to supersede the judgment dissolving the injunction upon execution of a bond to the plaintiff therein in the sum of $500. From this order allowing the supersedeas, Mr. Connely appealed to this court, and the plaintiff in this action, Loup Valley Land Company, has appealed from the judgment in favor of the defendant.

If the judgment for the defendant is right, it is unnecessary further to consider the jurisdiction of the district court to allow a temporary injunction and to allow a supersedeas of the order dissolving the injunction.

Various matters are discussed in the brief, but the plaintiff rests his case upon the contention that the state railway commission had no jurisdiction to entertain the com-

plaint and make the order.   It is argued that section 1, ch. 138, laws 1913, has taken from the railway commission all jurisdiction in such cases, and has conferred that jurisdiction upon the district court.   The purpose of this section, when originally enacted, as stated in the title, was "to prevent unjust discrimination."   Laws 1881, ch. 68, sec. 1.   As amended in 1905, ch. 105, it was held by the supreme court of the United States to violate the fourteenth amendment of the federal constitution because it required the "railroad company to put in switches at its own expense on the application of the owner of any elevator erected within a specified limit."   *Missouri P. R. Co. v. State of Nebraska,* 217 U. S. 196.   It has been several times since amended, and by the amendment of 1913 (laws 1913, ch. 138, sec. 1) it provides that every railroad company "shall afford reasonable and equal terms, service, facilities and accomodations to all persons and associations who are engaged or desire to engage in the operation of grain elevators or any other industry, or in the handling or shipping of merchandise, produce, commodities or other property, at, near or contiguous to any railroad or any station of its road," and that such person or association may apply to the company to construct a side-track, and, "if the compliance with or allowance of said application shall be reasonable and will not unreasonably or unnecessarily interfere with the railroad company's operation of its road or the performance of its duty to the public as a common carrier, it shall be granted," and the company "may require the applicant to pay or secure payment for said construction or such portion thereof as may be just and equitable,   *   *   *   and if such person or association shall feel dissatisfied with or aggrieved by reason of the amount required to be paid or contributed for the construction of said side-track or switch or the future maintenance thereof, said person or associations may file their petition in the district court of the proper county   *   *   *   and have the reasonableness of said charges judicially determined."

It is also provided that, if the applicant makes request for the construction of a side-track or switch and the company fail for 60 days to comply with it, the applicant may file his petition in the district court, and that the district court shall "grant any appropriate relief authorized by law and shall not be limited or restricted to the relief or remedy provided for herein, but may grant such relief as may be just, proper or appropriate to carry out the provisions, purposes and intent of this act and prevent discrimination, favoritism or partiality on the part of said railroad in any manner or respect. If it shall appear upon hearing in said district court that the request hereinbefore provided for is fair and reasonable and that the allowance thereof will not place an unreasonable burden upon said railroad company, or unreasonably interfere with the operation of its road or in the performance of its duties to the public as a common carrier, and shall in all other respects be just, fair and reasonable, the court shall enter such decree as may be necessary and impose such conditions concerning payment for the construction and equipment of said side-track or switch and for the proper construction and maintenance thereof or otherwise, and provide such security for the faithful performance of the conditions thus imposed as may be just and reasonable under the circumstances."

It will be seen that this section as amended deals only with the application of individuals or companies for private side-tracks and switches, and has nothing to do with the duties of the railway commission in determining the propriety and necessity of depots, stations, side-tracks, stock-yards, and loading and unloading facilities for the general public. The complaint in this case asked that the defendant be required "to construct and maintain a depot and side-track on its Callaway-Stapleton line at a point called Hoagland." This complaint was not granted to the full extent asked, but was modified so as to require the construction and maintenance of "suitable and adequate side-track and stock-yards, loading and unloading facilities" for the general public.

Such matters appear to be so clearly within the juris-
diction of the railway commission as to require no further
discussion. The judgment of the district court dissolving
the injunction and dismissing the action was therefore
right, and is

AFFIRMED.